IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTHUR KIRBY**, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-cv-384-SMY-PMF |
| ) | |
| **THOMAS A. SPILLER, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Before the Court are motions for summary judgment filed by the defendants Vipin Shah, Suzann Bailey, Ty Bates and Thomas Spiller as to the affirmative defense of failure to exhaust administrative remedies (Docs. 36, 41). Plaintiff Arthur Kirby filed this civil rights case pursuant to 42 U.S.C. § 1983 challenging some of the conditions experienced in prison. He alleges in Count 1 that Ty Bates, Suzann Bailey and Thomas Spiller implemented a 2-meal policy in violation of the Eighth Amendment's proscription against cruel and unusual punishment. In Count 2, he alleges that Defendant Vipin Shah responded with deliberate indifference to health problems attributed to soy foods, also in violation of the Eighth Amendment. The defendants seek dismissal due to Kirby's failure to exhaust all administrative remedies mandated by the Illinois Administrative Code. Kirby did not respond to the motion filed by Shah, despite adequate notice. As to the argument advanced by Defendants Bailey, Bates and Spiller, Kirby was barred from opposing their motion as a discovery sanction (Doc. 40).

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative

defense that must be pleaded and proved by the defendant.  *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).  The state's procedural rules establish the contours of the requirement.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  In Illinois, the grievance procedure starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through the administrative review board (ARB).  20 Ill. Admin. Code §§ 504.810, 504.850.

      Here, the defendants have satisfied their burden of proof on the affirmative defense by showing that Kirby did not appeal an adverse decision regarding one of his grievances to the director through the ARB.  As such, the undersigned finds that Kirby did not properly exhaust because he failed to take the last step in the administrative process prior to filing this litigation.

      Accordingly, **IT IS ORDERED** that the motions for summary judgment (Docs. 36, 41) are **GRANTED**.  Count 1 is **DISMISSED** without prejudice as to Ty Bates, Suzann Bailey and Thomas Spiller.  Count 2 is **DISMISSED** without prejudice as to Vipin Shah.  Judgment shall enter.

      If any party wishes to appeal, a notice of appeal must be filed within 30 days after entry of judgment.  A notice of appeal is timely if it is deposited in a correctional institution's internal mail system on or before the last day for filing.  If any party wishes to ask for a new trial or to alter or amend the judgment, that motion is due within 28 days, and there is an exception from the general rule for extending time.  Any party wishing to challenge this decision should consult Fed. R. Civ. P. 59, 6; Fed. R. App. P. 4, 12.

**IT IS SO ORDERED.**

**DATED:  May 10, 2016**

                                      **s/ Staci M. Yandle**
                                      **STACI M. YANDLE**
                                      **United States District Judge**